# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2011

No. 10-10623

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WILLIAM BLAKE SESCIL,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CR-7

Before KING, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

The issue raised in this case is whether Defendant-Appellant William Sescil was sentenced to a term of revocation imprisonment in excess of the amount authorized by 18 U.S.C. § 3583(e)(3). The district court sentenced Sescil to 20 months' imprisonment upon revoking his second term of supervised release. Sescil argues that his sentence exceeded the amount of revocation imprisonment authorized by § 3583(e)(3) because that subsection caps the aggregate amount of revocation imprisonment for his offense at the amount of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10623

supervised release authorized by § 3583(b) for the same offense, which is three years for his Class D felony.  He argues that, because he had already served 18 months' imprisonment on a prior revocation of his supervised release, the district court could not sentence him to more than 18 months' imprisonment when it revoked his supervised release in this instance.

We addressed this precise issue in *United States v. Hampton*, No. 10-10035 (5th Cir. Jan. 6, 2011), which we have decided today.  In *Hampton*, we held that the amount of supervised release authorized for an offense by § 3583(b) does not cap the aggregate amount of revocation imprisonment authorized by § 3583(e)(3) for the same offense.  *Id.,* slip op. at 6.  When Sescil violated the terms of his second supervised release, § 3583(e)(3) authorized the district court to sentence him to a maximum of two years' imprisonment as a revocation sentence, without reference to the amount of revocation imprisonment he had previously served. *See id*.  Accordingly, the district court's judgment revoking Sescil's supervised release and sentencing him to 20 months' imprisonment is AFFIRMED.